Mr. Chief Justice Cartter
delivered the opinion of the court:
The plaintiff brings this suit to recover damages for injuries received by reason of being thrown from the rear platform of the car of the defendant, a street railroad company. By a special verdict of a jury, the extent of his damages are fixed at $2,600, aDd’ he is entitled to recover this, provided the facts in the case form the predicate of action.
The declaration charges, in substance, that the defendant corporation, in its carelessness and through the heedlessness of its driver, and by reason of insufficiant facilities for carrying passengers safely, caused this injury, and that the plaintiff’ made no contribution to this accident.
The allegations of the declaration are denied by the defendant, and, issue being joined we are invited to a consideration of the law governing the facts of the case as set forth in the *144 special verdict. The verdict shows that the car was travelling at ordinary speed in the ordinary way. There is nothing reflecting upon the skill of the driver, or attributing fault on his part. The statement of facts also advises the court that the car was a good one, for in default of proof to the contrary it will be presumed to have been so. Now we are admonished by authority, that while public carriers are chargeable with strict care and-circumspection in the preservation of the safety of passengers, they are not insurers in any event of the passenger’s life and limbs. Here is a car travelling at an ordinary rate of speed, a good car, with a good driver, and, unless the law underwrites the life and safety of every passenger riding on a railroad car, these facts constitute a full answer to the plaintiff. The law does not contemplate that these corporations shall take the keeping of a man’s discretion into their hands. If the plaintiff saw fit, under the facts found in this verdict, to stand on the platform, he took with him the perils of the platform, and cannot recover.
The judgment, therefore, must be for the defendant.
Mr. Justice James
said :
I desire to add a word as to the defendants’ part in this case. I concur with the view that the plaintiff' was responsible, or rather that he lost his right of action by contributing to the result; but I have not the least doubt that the defendant company was in fault. The special verdict found as a fact that the car was going around a curve at the same speed at which they ordinarily travel in a straight line. That is too fast to go around a curve, but it is said to be necessary from the construction of the car and from the fact that they have to go around pretty rapidly with one horse ; so that the rapid speed which they keep up in rounding a curve is largely attributable to the arrangement which they have chosen to make so as to use only one horse. I think, therefore, that the defendant was also in fault; but the plaintiff ought not to recover when his own act contributed to the accident. It is for this reason that I concur in the judgment.